# GRAFTON,

## LITTLETON *v.* HUTCHINS.

In an action on a note, payable upon the contingency that the child of H. W. H. shall live two years, it is not necessary to aver what was the name or the sex of the child, the time of its birth, or how long it lived, those facts not being material to the plaintiff's case. It is sufficient to aver that the said child lived two years.

In such a declaration, the fact that H. W. H. had a child is sufficiently apparent from the declaration containing an averment, that "said child" lived two years.

ASSUMPSIT, upon a promissory note, dated January 6, 1841, for fifty dollars, payable to the plaintiffs, one half in two years, and the other half in three years, for the benefit of Hannah W. Hatch, on condition that her infant child should live so long; and if not, in proportion to the time it should live. The plaintiffs aver that the child did live until after the first payment became due, &c.

Demurrer, first, because it does not appear by the declaration that Hannah W. Hatch ever had an infant child, nor when it was born, nor how long it lived, nor what its name was, nor whether it was a male or female child, nor whether said child was one that said Hatch gave birth to. Second, it does not appear for what particular child said note was intended, nor for whose benefit. Third, the time of payment is not made certain by the declaration. And, also, the declaration is in other respects, &c.

*Goodall & Morrison*, for the plaintiff.

*Patterson*, for the defendant.

GILCHRIST, J.　The note is dated on the 26th day of January, 1841, and is for fifty dollars, payable, one half in two years, and the remainder in three years, for the bene- fit of Hannah W. Hatch, on condition that her infant child should live that length of time; and if it should not, then in proportion to the time that it should live.

Should the child live two years, then the party would be entitled to twenty-five dollars.　If longer, and less than three years, then to a sum bearing such a proportion to twenty-five dollars as its life beyond two years bears to a year.

The declaration avers that the child lived until after the time of payment of the first half of the note.

The defendant, however, demurs for various causes spe- cially assigned.　One is, that it does not appear that Hannah W. Hatch ever had a child, nor when it was born, nor how long it lived.　Is it substantially averred that she. had an infant child, either argumentatively or directly ? If either, it is sufficient under this demurrer.　The aver- ment is that "said child," the word "said" referring necessarily to Hannah W. Hatch's child, the only child named in the declaration, "did live until," &c.　This is an averment in substance that Hannah W. Hatch had one.

It is not necessary that the declaration should state when it was born.　The only thing necessary to state is how long it lived.

The next cause of demurrer is, that it does not appear how long it lived.　This, however, is made to appear with as much certainty as is needful to entitle the plaintiffs to their action ; the averment being that it "lived until after the said time of payment of the first half of the said fifty dollars."　This was all that the plaintiffs are

required to show to lay the foundation of their action; for the money became due in two years.

What was the name of the child or its sex, does not seem to be material to the plaintiffs' case, and need not, therefore, be stated in their pleading; nor whether it was a child that Hannah W. Hatch gave birth to, if there be any other sense in which it could be called hers. If not, then it appears by the terms indicating the child to be hers, that she did give it birth.

No sufficient cause of demurrer having been assigned, there must be

*Judgment for the plaintiffs.*